# EXHIBIT A

5/20/2014 8:00:00 AM
Amalia Rodriguez-Mendoza
District Clerk
Travis County
D-1-GN-14-001466

CAUSE NO. D-1-GN-14-001466

| | | |
|---|---|---|
| ESTATE OF JANICE M. SMITH, DECEASED, | * * * | IN THE DISTRICT COURT |
| Plaintiff | * * | |
| v. | * * | TRAVIS COUNTY, TEXAS |
| TRANSAMERICA LIFE INSURANCE COMPANY, | * * | |
| Defendant | * | 98TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

The Estate of Janice M. Smith files this Original Petition, complaining of Transamerica Life Insurance Company, Defendant. The subject matter of this suit relates to long-term care insurance benefits payable for Alzheimer's care.

### I.

### PARTIES AND SERVICE

1.  This suit is brought for the benefit of the Estate of Janice M. Smith, Deceased. Stephanie A. Smith prosecutes this suit in her representative capacity as the independent executor of the Estate of Janice M. Smith, Deceased. The estate is the subject of proceedings in the Probate Court Number One of Travis County, Texas.

2.  Defendant, Transamerica Life Insurance Company is an insurance company licensed to do business in Texas. Defendant is sued individually and as successor to the original insurer, Life Investors Insurance Company of America. **Citation should issue and be served on the Defendant, Transamerica Life Insurance Company, through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.**

1

## II.

## JURISDICTION AND VENUE

3.    This court has jurisdiction over the parties because the Estate of Janice Smith, Deceased, is filed in Texas, and Transamerica Life Insurance Company is licensed to do business in Texas. A substantial part of the facts made the basis of suit occurred in Texas.

4.    Travis County is proper venue because the Estate of Janice M. Smith is pending in Travis County, Texas, and a substantial part of the events or omissions made the basis of this action occurred in Travis County.

5.    The subject matter in controversy is within the jurisdictional limits of this court. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief in excess of $200,000 but not more than $1,000,000.00. Plaintiff also seeks further relief to which it is entitled.

## III.

## DISCOVERY CONTROL PLAN

6.    Subject to the entry of a scheduling order, Plaintiff invokes the Discovery Control Plan set forth in Rule 190.3 (Level 2) of the Texas Rules of Civil Procedure.

## IV.

## BACKGROUND

7.    Janice M. Smith suffered from Alzheimer's disease. Her condition necessitated medical and residential care over the course of many years. Her health declined, and she eventually moved to full time care at a licensed care facility. With aid

from her family and care providers, Janice M. Smith lived to the age of 89.  She passed on October 12, 2012.

8.      Janice M. Smith was insured under a long term care policy issued by Life Investors Insurance Company of America ("Life Investors").  Effective October 10, 2008, Life Investors merged into the Defendant, Transamerica Life Insurance Company ("Transamerica").  Transamerica continued to administer the initial policy, Long Term Policy 1450593340, bearing the Effective Date of May 1, 1993.

9.      Policy 1450593340 promises payment of costs associated with long term care.  Janice M. Smith initially received insurance benefits for assisted living expenses or "home and community care."  However, as Janice M. Smith necessitated more intensive care, Defendant declined to pay Confinement Benefits promised under the policy.

10.     Plaintiff shows that Policy 1450593340 obligates Defendant to cover long term expenses associated with Alzheimer's care.  Janice M. Smith relied on promises attributable to the Defendant regarding coverage under the policy.  Such promises and representations induced purchase of the policy; Defendant induced reliance throughout the life of the policy.  At all times material, the policy was in full force and effect, and all conditions precedent to Defendant's liability occurred.

## V.

## BREACH OF CONTRACT

11.     Plaintiff shows that Defendant's refusal to pay under the policy constitutes breach of contract.  Plaintiff seeks contract benefits under the policy in excess of $70,000.00.



3

## VI.

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

12.     After claim was presented to Defendant, Transamerica's liability to pay was reasonably clear.  Nevertheless, Defendant unreasonably refused to accept responsibility to pay.  Plaintiff shows that Defendant failed to conduct a reasonable, proper investigation of the claim, failed to rely on true facts, and instead resorted to incomplete and biased reasons to disclaim responsibility to pay.  Defendant breached its duty to deal fairly and in good faith, and the breach of duty was a proximate cause of injury to Janice M. Smith.  Recovery of damages occasioned by the injury should flow to the benefit of the Estate of Janice M. Smith.

## VII.

### UNFAIR CLAIM SETTLEMENT PRACTICES

13.     Having received notice of Plaintiff's claim, Defendant engaged in unfair settlement practices, as enumerated and declared unfair or deceptive in Chapter 542 of the Texas Insurance Code and Section 17.46(b) of the Texas Business and Commerce Code.  Such practices include, but are not limited to:

        a)      knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to the coverage at issue;

        b)      not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear;

        c)      refusing to pay the claim without first conducting a reasonable investigation; and



        d)      misrepresenting the insurance policy.

4

14. Defendant's conduct is a producing cause of damage to Janice M. Smith. Plaintiff shows that the acts and omission by Defendant were done knowingly and with actual awareness of the unfairness of the conduct described. Plaintiff therefore requests additional damages of up to three times the amount of actual damages, as authorized by Section 541.152(b) of the Texas Insurance Code.

## VIII.

## STATUTORY PENALTY

15. Defendant should also pay statutory penalties under Section 542.060 of the Texas Insurance Code. Defendant failed to meet its obligations under the policy, even though adequate time has elapsed for Defendant to investigate, and Defendant has the information necessary to pay the claim.

## IX.

## DAMAGES

16. As a result of Defendant's acts and omissions, Janice M. Smith sustained losses and injuries, and recovery of damages should flow to the benefit of decedent's estate. By way of this action, Plaintiff seeks recovery of damages, including, but not limited to, the following:

    a)     Actual and consequential damages;

    b)     Contract damages under the policy; and

    c)     Statutory damages and penalties.

Additionally, Plaintiff is entitled to recover a reasonable sum for the necessary services of Plaintiff's attorney in the preparation of trial of this action, through final appeal.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant Transamerica Life Insurance Company be cited to appear and answer, and that on final trial, Plaintiff have:

1. Judgment against Defendant for a sum within the jurisdictional limits of the Court;

2. Prejudgment interest as provided by law;

3. Interest on the amount of policy benefits, as a statutory penalty under Chapter 542.060 of the Texas Insurance Code;

4. Reasonable and necessary attorney's fees;

5. Postjudgment interest as provided by law;

6. Costs of suit; and

7. Such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

By: /s/ Dean A. Schaffer

Dean A. Schaffer
Attorney at Law
Texas State Bar No. 17723500
1411 West Ave., Ste. 100
Austin, TX  78701
Phone: 512/474-7150
FAX:   512/474-5594

ATTORNEY FOR PLAINTIFF



# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: **D-1-GN-14-001466**   
MAY ENTER CAUSE # / COURT # IF ALREADY ASSIGNED (E.G., FAMILY MOTION, AMENDED PETITION)   
COURT *(FOR CLERK USE ONLY)*: **98TH**

STYLED: **Estate of Janice M. Smith v. Transamerica Life Insurance Company**

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

**1. Contact information for person completing case information sheet:**

- Name: Dean A. Schaffer
- Email: dschaffer@1411west.com
- Address: 1411 West Avenue, Suite 100
- Telephone: 512.474.7150
- City/State/Zip: Austin, Texas 78701
- Fax: 512.474.5594
- Signature: /s/ Dean A. Schaffer
- State Bar No: 17723500

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Estate of Janice M. Smith

Defendant(s)/Respondent(s): Transamerica Life Insurance Co.

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- [X] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other:

Additional Parties in Child Support Case:
- Custodial Parent:
- Non-Custodial Parent:
- Presumed Father:

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

OPTION A: CK CASE TYPE (EXCEPT OTHER) FOR CLERK TO SELECT SUIT TYPE; SEE SEC. 3 NOTE BELOW

### Civil

| Contract | Injury or Damage | Real Property |
|---|---|---|
| *Debt/Contract* | [ ] Assault/Battery | [ ] Eminent Domain/Condemnation |
| [ ] Consumer/DTPA | [ ] Construction | [ ] Partition |
| [ ] Debt/Contract | [ ] Defamation | [ ] Quiet Title |
| [ ] Fraud/Misrepresentation | *Malpractice* | [ ] Trespass to Try Title |
| [ ] Other Debt/Contract: | [ ] Accounting | [ ] Other Property: |
| *Foreclosure* | [ ] Legal | |
| [ ] Home Equity—Expedited | [ ] Medical | |
| [ ] Other Foreclosure | [ ] Other Professional Liability: | |
| [ ] Franchise | | |
| [X] Insurance | [ ] Motor Vehicle Accident | |
| [ ] Landlord/Tenant | [ ] Premises | |
| [ ] Non-Competition | *Product Liability* | |
| [ ] Partnership | [ ] Asbestos/Silica | |
| [ ] Other Contract: | [ ] Other Product Liability List Product: | |
| | [ ] Other Injury or Damage: | |

| Related to Criminal Matters | Other Family Law |
|---|---|
| [ ] Expunction | [ ] Enforce Foreign Judgment |
| [ ] Judgment Nisi | [ ] Habeas Corpus |
| [ ] Non-Disclosure | [ ] Name Change |
| [ ] Seizure/Forfeiture | [ ] Protective Order |
| [ ] Writ of Habeas Corpus—Pre-indictment | [ ] Removal of Disabilities of Minority |
| [ ] Other: | [ ] Other: |

OPTION B: CK OTHER & ENTER 3-LETTER SUIT TYPE FOR CLERK TO USE WHEN DOCKETING

| Employment | Other Civil |
|---|---|
| [ ] Discrimination | [ ] Administrative Appeal |
| [ ] Retaliation | [ ] Antitrust/Unfair Competition |
| [ ] Termination | [ ] Code Violations |
| [ ] Workers' Compensation | [ ] Foreign Judgment |
| [ ] Other Employment: | [ ] Intellectual Property |
| | [ ] Lawyer Discipline |
| | [ ] Perpetuate Testimony |
| | [ ] Securities/Stock |
| | [ ] Tortious Interference |
| | [ ] Other: |

### Family Law

| Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|
| [ ] Annulment | [ ] Enforcement |
| [ ] Declare Marriage Void | [ ] Modification—Custody |
| *Divorce* | [ ] Modification—Other |
| [ ] With Children | **Title IV-D** |
| [ ] No Children | [ ] Enforcement/Modification |
| | [ ] Paternity |
| | [ ] Reciprocals (UIFSA) |
| | [ ] Support Order |

| Parent-Child Relationship |
|---|
| [ ] Adoption/Adoption with Termination |
| [ ] Child Protection |
| [ ] Child Support |
| [ ] Custody or Visitation |
| [ ] Gestational Parenting |
| [ ] Grandparent Access |
| [ ] Parentage/Paternity |
| [ ] Termination of Parental Rights |
| [ ] Other Parent-Child: |

### Tax

| Tax | Probate & Mental Health |
|---|---|
| [ ] Tax Appraisal | *Probate/Wills/Intestate Administration* |
| [ ] Tax Delinquency | [ ] Dependent Administration |
| [ ] Other Tax | [ ] Independent Administration |
| | [ ] Other Estate Proceedings |
| | [ ] Guardianship—Adult |
| | [ ] Guardianship—Minor |
| | [ ] Mental Health |
| | [ ] Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [X] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

OPTION C: SECTION 3 PROCEDURES/REMEDIES IN BOLD MAY BE USED AS CASE OR SUIT TYPES. YOU MAY SPECIFY THAT ONE OF THESE PROCEDURES/REMEDIES BE USED AS A SUIT TYPE BY CHECKING IT AND LEAVING THE CASE TYPE IN SECTION 2 BLANK. SELECTING A CASE TYPE IN SECTION 2 OVERRIDES ANY SELECTION IN SECTION 3.

*I, AMALIA RODRIGUEZ-MENDOZA, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on _____*

AMALIA RODRIGUEZ-MENDOZA   
DISTRICT CLERK   
By Deputy: _____

**APPROVED** By DavisK2 at 1:29 pm, Jun 09, 2014

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-14-001466

ESTATE OF JANICE M SMITH, DECEASED; STEPHANIE A SMITH, AS INDEPENDENT EXECUTOR
OF THE ESTATE OF JANICE M SMITH                                    , Plaintiff

    vs.
TRANSAMERICA LIFE INSURANCE COMPANY

                                                                                                                                           , Defendant

TO:    TRANSAMERICA LIFE INSURANCE COMPANY
       BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
       350 NORTH ST PAUL ST
       DALLAS, TEXAS 75201

CERTIFIED MAIL # 7012 3460 0000 8874 7432

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on MAY 20, 2014 in the 98TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 22, 2014.

REQUESTED BY:
DEAN A SCHAFFER
1411 WEST AVE STE 100
AUSTIN, TX 78701-1537
BUSINESS PHONE:(512)474-7150   FAX:(512)474-5594

*(signature)*
AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: GLASSON SHAUN

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION and LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ 75.00

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By:_____

    SHAUN GLASSON
    Printed Name of Server

_____        _____ County, Texas
Notary Public, THE STATE OF TEXAS

D-1-GN-14-001466                         DISTRICT CLERK CERTIFIED MAIL           P01 - 000020288
☑ Original     ☐ Service Copy

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Postmark Here
Total Postage & Fees $

Sent To
```
TRANSAMERICA LIFE INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
350 NORTH ST PAUL ST
DALLAS, TEXAS 75201
```

PS Form 3800, August 2006         See Reverse for Instructions

Tracking: 7112 2742 8874 0000 0000 3460 2012

D-1-GN-14-001466 - ORIGINAL PETITION    


APPROVED
By DavisK2 at 1:29 pm, Jun 09, 2014

I, AMALIA RODRIGUEZ-MENDOZA, District Clerk, Travis County, Texas, do hereby certify that this is A true and correct copy as same appears of record in my office. Witness my hand and seal of office
On _____

AMALIA RODRIGUEZ-MENDOZA
DISTRICT CLERK
By Deputy: _____

Case: d-1-gn-14-001466 with (2) documents

| Filed Date | Category | Description | Additional Info |
|---|---|---|---|
| 5/20/2014 | PET-PL ORIGINAL PETITION/APPLICATION | PLAINTIFF'S ORIGINAL PETITION | |
| 5/22/2014 | ISSUANC... ISS:CITATION | Form Number P01-20288 | Issued by GLASSON SHAUN (4701) ISS:CITATION |

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ESTATE OF JANICE M. SMITH, DECEASED, | § § § § § | |
| Plaintiffs, | § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| TRANSAMERICA LIFE INSURANCE COMPANY, | § § § § | |
| Defendants. | § | |

### AFFIDAVIT OF DAN REESE

TARRANT COUNTY           )

STATE OF TEXAS            )

BEFORE ME, the undersigned authority, on this day personally appeared Dan Reese, who was duly sworn and stated under oath as follows:

1. "My name is Dan Reese. I am competent in all respects to provide this affidavit. "I am a Vice President and General Counsel for the Long Term Care Business Unit of Transamerica Life Insurance Company ("Transamerica")." In that capacity, I have personal knowledge of the facts set forth in this affidavit, each of which is true and correct. I am providing this affidavit in conjunction with Transamerica's Notice of Removal.

2. Transamerica is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa. For purposes of diversity of citizenship, Transamerica is considered a citizen of the state of Iowa."

FURTHER AFFIANT SAYETH NAUGHT.

_____
Dan Reese

Subscribed and sworn to before me this 4th day of June, 2014.

_____
Notary Public, State of Texas
My Commission Expires: 4-15-2016



BRANDI JEAN BARTEK
My Commission Expires
April 15, 2016